UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEAH MARIE BIGGINS,

                    Plaintiff,

v.                                                                                             CASE # 18-cv-00643

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>600 North Bailey Ave<br>Suite 1A<br>Amherst, NY 14226 | KENNETH R. HILLER, ESQ.<br>ELIZABETH ANN HAUNGS, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | DENNIS J. CANNING, ESQ.<br>FRANCIS D. TANKARD, ESQ.<br>JOSHUA L. KERSHNER, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented, in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative record is **GRANTED**, and Defendant's motion is **DENIED,** the decision of the Commissioner be

**REVERSED**, and this matter be **REMANDED** for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on September 22, 1983, and graduated high school (Tr. 95, 222). Generally, Plaintiff's alleged disability consists of posttraumatic stress disorder (PTSD), obsessive compulsive disorder (OCD), generalized anxiety disorder, depression, chronic joint pain, and opioid dependence. (Tr. 221). Her alleged disability onset date is May 4, 2013. (Tr. 218). Her date last insured is June 30, 2018. (Tr. 218). She previously worked as a licensed nurse practitioner. (Tr. 223).

### B.     Procedural History

On April 16, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the Social Security Act. (Tr. 175-176). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On April 19, 2016, Plaintiff appeared before the ALJ, Roxanne Fuller. (Tr. 15). On October 26, 2016, ALJ Fuller issued a written decision finding Plaintiff not disabled under the Social Security Act. (Tr. 12-31). On April 9, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 5-11). Thereafter, Plaintiff timely sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:
1.   The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

2. The claimant has not engaged in substantial gainful activity since May 4, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: fibromyalgia; PTSD; depression; and substance abuse (20 CF'R 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CF'R Part 404, Subpart P, Appendix 1 (20 CF'R 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(h) except she can only perform simple, routine, and repetitive tasks; no interaction with the general public and only occasional superficial interaction with co-workers and supervisors.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on September 22, 1983 and was 29 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CPR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CPR 404.1564). Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CPR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CPR 404.1569 and 404.1569(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, from May 4, 2013, through the date of the decision (20 CFR 404.1520(g)).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes essentially four separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues the Appeals Council improperly rejected a medical opinion that was submitted after the hearing. (Dkt. No. 12 at 15 [Pl.'s Mem. of Law]). Second, Plaintiff argues the ALJ ignored the Veterans Affair Compensation and Pension examination and opinion

by Laura Cushman, Ph.D. (Dkt. No. 12 at 18). Third, Plaintiff argues the ALJ erred in the weight given to other opinions, including Dr. Blackwell, Dr. Lin, and Dr. Toor. (Dkt. No. 12 at 24-30). Fourth, Plaintiff argues the ALJ improperly relied on Plaintiff's status as a single mother to determine she was not disabled. (Dkt. No. 12 at 30-35).

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues the ALJ's RFC finding was supported by substantial evidence. (Dkt. No. 19 at 14 [Def.'s Mem. of Law]). Second, Defendant argues substantial evidence supports the ALJ's evaluation of the opinion evidence. (Dkt. No. 19 at 19). Lastly, Defendant argues the additional evidence submitted to the Appeals Council does not alter the ALJ's decision. (Dkt. No. 19 at 25).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Opinion Evidence

The ALJ gave little weight to the December 23, 2014, Veterans Affairs ("VA") letter finding Plaintiff disabled under VA rules. (Tr. 21, 265). The letter stated the claimant had a service connected disability. She was deemed totally and permanently disabled due to her service connected disabilities and was to be paid at the 100% rate due to unemployability. (Tr. 265). The ALJ stated a finding of disability by another governmental agency is not dispositive or entitled to significant weight without proper explanation and supporting evidence. (Tr. 21). Generally, the Social Security Administration ("SSA") is not bound by a disability determination made by another governmental agency because other agency disability determinations are based on rules that differ from the ones used by the SSA in disability cases. 20 C.F.R. §404.1504. However, disability determinations by non-SSA agencies are to be accorded some consideration in proceedings before the SSA. SSR 06–03p, 2006 WL 2329939, at *7 (S.S.A. Aug. 9, 2006). The Second Circuit has routinely held that disability decisions of other governmental agencies are entitled to some weight. S*ee Cutler v. Weinberger,* 516 F.2d 1282, 1286 (2d Cir.1975) ("While the determination of another governmental agency that a social security disability benefits claimant is disabled is not binding on the Secretary, it is entitled to some weight and should be considered."); *Hankerson v. Harris,* 636 F.2d 893, 896–97 (2d Cir.1980); *Stieberger v. Sullivan,* 738 F.Supp. 716, 744 (S.D.N.Y. 1990).

In this case, the ALJ gave little weight to the VA opinion because there was no "accompanying explanation or rationale" and it was "unclear what facts the VA relied on to make" the decision. (Tr. 21). Similarly, the Defendant argues "the letter contains no explanation or supporting evidence in support of a finding of disability." (Dkt. No. 19 at 22). However, Plaintiff counters that a Compensation and Pension examination at the Canandaigua VA Medical Center, by Laura Cushman, Ph.D., in December 2013 supports the December 2014 letter and rating. (Dkt. No. 12 at 4). This examination thoroughly describes Plaintiff's mental disorders, symptoms, observations, occupational and social impairments, clinical findings, and DSM-5 criteria. (Tr. 666-672). The form specifically states, "for VA rating purposes check all symptoms that apply." (Tr. 672). Unfortunately, the ALJ never discussed this examination in her decision. The ALJ also did not discuss earlier Compensation and Pension examinations, including one from February 2013 that references service connection for PTSD being granted. (Tr. 698).

Plaintiff persuasively asserts that the December 2013 examination was substantial evidence that not only supported the VA rating but also a Step Two listing finding. Defendant simply argues that case law does not require an ALJ to discuss every piece of evidence and it was not an opinion because there were no functional limitations. (Dkt. No. 19 at 23). A medical opinion, for purposes of an ALJ's disability determination, is defined as evidence, submitted to or obtained by the ALJ, containing "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [ ] symptoms, diagnosis and prognosis," the claimant's capabilities despite the impairment(s), and any physical or mental restrictions. *See Sickles v. Colvin*, No. 12-CV-774 MAD/CFH, 2014 WL 795978, at *4 (N.D.N.Y. Feb. 27, 2014) citing 20 C.F.R. § 404.1527.

The Compensation and Pension examinations were conducted by a psychologist and contained information on the nature and severity of the claimant's post-traumatic stress disorder, including diagnosis and symptoms. Under the law, the ALJ is obligated to "evaluate every medical opinion we receive". 20 C.F.R. §404.1527(c). An ALJ must consider all pertinent medical evidence in the record regarding a Plaintiff's impairments and must explain why she relied on certain opinions of record and not on others. *Shaw v. Chater*, 221 F.3d 126, 135 (2nd Cir. 2000).

Despite the ALJ's awareness of the VA disability determination, there is nothing in this record demonstrating the ALJ considered the Compensation and Pension examinations, so it cannot be inferred by the reader how it was weighed or considered. The examination by Dr. Cushman was actually in two places in the record and Plaintiff's representative cited this evidence in his prehearing memorandum. (Tr. 666-672; 801-809; 281-282). Although the ALJ gave some consideration to the VA disability rating determination, she committed plain error by failing to give adequate consideration to the Compensation and Pension exams. *See, e.g. Longbardi v. Astrue,* No. 07 Civ. 5952, 2009 WL 50140, at *22 (S.D.N.Y. Jan. 7, 2009) ("Courts in this Circuit have long held that an ALJ's failure to acknowledge relevant evidence or explain its implicit rejection is plain error.") (internal quotation omitted).

More specifically, as cited by Plaintiff, a Court has recently concluded that failure to evaluate a Compensation and Pension examination opinion cannot be harmless, because it is highly relevant and probative. *See Scott v. Berryhill,* No. 6:16-CV-06780-MAT, 2018 WL 6582794, at *5 (W.D.N.Y. Dec. 14, 2018). Defendant does not address this in its brief.

In sum, the ALJ erred by ignoring Dr. Cushman's Compensation and Pension examination. The ALJ gave the VA rating "little weight" for lack of supporting evidence yet this examination, from the same source, clearly provided a detailed explanation. Further, the examination by Dr.

Cushman should have been addressed both in the Step Two analysis and residual functional capacity analysis.

Plaintiff also argues it was improper for the AC to reject a September 2017 opinion from treating source Matthew Tessena, M.D. (Dkt. No. 12 at 15). Under agency regulations, the AC will review a case based on additional evidence if, in addition to meeting other requirements, the evidence relates to the period on or before the date of the hearing decision, there is a reasonable probability that it would change the outcome of the decision, and the claimant shows good cause for not informing the agency about or submitting the evidence earlier (Tr. 1-2). 20 C.F.R. § 404.970(a)(5).

The AC stated the evidence did not relate to the period at issue because the case was decided through October 26, 2016 and "therefore it does not affect the decision about whether you were disabled beginning on or before October 26, 2016." (Tr. 2). The Second Circuit has held that "medical evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing." Carrera v. Colvin, No. 1:13–cv–1414 (GLS/ESH), 2015 WL 1126014, at *8 (N.D.N.Y. Mar. 12, 2015) (citing Newbury v. Astrue, 321 Fed.Appx. 16, 18 n.2 (2d Cir. 2009)(summary order)); see also Webster v. Colvin, No. 15-CV-859-FPG, 2016 WL 6090584, at *4 (W.D.N.Y. Oct. 19, 2016). Accordingly, for all the reasons stated, this matter must be remanded to the Commissioner for reconsideration in light of the new evidence discussed above. *See, e.g.*, *Bluman v. Colvin,* No. 15-CV-627-FPG, 2016 WL 5871346, at *4 (W.D.N.Y. Oct. 7, 2016) (remanding for reconsideration in light of new evidence that the Appeals Council summarily rejected because it was created after the ALJ's decision).

### B. Other Issues

As set forth above, Plaintiff has identified additional reasons why she contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13-CV-06844 (LGS)(DF), 2015 U.S. Dist. LEXIS 58246, at *80 (S.D.N.Y. Feb. 10, 2015) (The court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 U.S. Dost. LEXIS 58203 (S.D.N.Y. May 4, 2015).

### III. CONCLUSION

For the above stated reasons, it is ordered that Plaintiff's motion for judgment on the pleadings is GRANTED, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

Dated: September 26, 2019
Rochester, New York

                                      *J. Gregory Wehrman*
                                      HON. J. Gregory Wehrman
                                      United States Magistrate Judge